Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DELIA RODRIGUEZ, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>GEM RECOVERY SYSTEMS, LLC;<br>FRANK GIGLIO;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Delia Rodriguez, by way of Class Action Complaint against Defendants Gem Recovery Systems, LLC, and Frank Giglio (and John Does 1 to 10) states:

### I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

### III.   PARTIES

4. Plaintiff Delia Rodriguez ("Plaintiff" or "Rodriguez") is a natural person residing in Passaic County, New Jersey.

5. Defendant Gem Recovery Systems, LLC, ("Gem") is a collection agency with its principal place of address located at 800 Kinderkamack Road, Suite 206 N, Oradell, New Jersey, 07649.

6. Defendant Frank Giglio, ("Giglio") is the shareholder, partner, president, secretary, treasurer and director of Gem.

7. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

8. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.   FACTS

A. Background

9. Defendants are not in the business of extending credit, selling goods or services to consumers.

10. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. The principal purpose of Defendants is the collection of debts.

12. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

13. Furthermore, at all times relevant hereto, Giglio, as a principal owner, officer, director, shareholder, and/or managing partner of Gem, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of Gem complained of herein.

14. Defendants have asserted that Plaintiff incurred or owed certain financial obligations originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debts" or "Accounts").

15. The Debts arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

16. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

17. Defendants contend that the Accounts were past-due and in default.

18. Defendants are debt collectors.

19. The Accounts were assigned to Defendants for collecting the Debts.

20. The Accounts were past-due and in default when it was placed with or assigned to Defendants for collection.

**B. Violations of the FDCPA**

21. In attempts to collect the Debts allegedly owed by Plaintiff, Defendants mailed collection letters to Plaintiff on November 16, 2017 (the "Letters"). A true but redacted copy of the Letters is attached as ***Exhibit A***.

22. Some of the Letters were initial written communications from Defendants to Plaintiff concerning the respective debt.

23. Plaintiff received and reviewed the Letters.

24. The Letters do not identify the name of the creditor to whom the Debts are owed.

25. By failing to identify the creditor(s) of the Debts, the Letters leave the least sophisticated consumer in doubt about to whom the alleged debts are owed and if they are legitimate.

26. Defendants' failure to identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

27. Further, section 1692g(a) of the FDCPA requires a debt collector to convey to the consumer important statutory rights ("Validation Notice").

28. The Validation Notice is an important statutory right which must be sufficiently prominent and be readily noticed.  It cannot be overshadowed by its placements, other languages or notice in the letter.

29. Further, by threatening to report the Accounts to "TransUnion and Experian Credit Bureaus" to "impair your credit rating and your ability to obtain credit in the future" Defendants have overshadowed the important statutory rights of section 1692g(a), the Validation Notice.

30. Further, the Validation Notice is overshadowed by threatening "litigation and ultimately, in a judgement against you which may include additional costs and expenses . . . ."

31. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), and 1692g(b).

32. Defendants used the same procedures that they employed in sending the Letters to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

### V. CLASS ACTION ALLEGATIONS

33. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with addresses in the State of New Jersey to whom, beginning November 16, 2017, through and including the final resolution of this case, Defendants sent a written communication in the same or similar form as Exhibit A.

34. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the Letters.

35. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

36. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

37. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

   A. Whether Defendants are debt collectors under the FDCPA;

   B. Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), and 1692g(b); and

   C. Whether Plaintiff and the class are entitled to damages.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

39. The claims of the Plaintiff are typical of the claims of the members of the class.

40. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

41. Plaintiff does not have interests antagonistic to those of the class.

42. The class, of which Plaintiff is a member, is readily identifiable.

43. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

44. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards

of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

45. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.   VIOLATIONS OF THE FDCPA

46. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

47. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

48. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

49. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

50. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

51. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

52. Defendants violated the FDCPA, including but not limited to the following:

   a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

   b. Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

   c. Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);

   d. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f;

  e. Defendants failed to state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. §§ 1692g and 1692g(a)(2); and

  f. Defendants failed to give proper notice of consumer's rights by overshadowing the Validation Notice in violation of 15 U.S.C. §§ 1692g and 1692g(b)

53. The violations of the FDCPA described herein constitute *per se* violations.

54. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Delia Rodriguez demands judgment against Defendants Gem Recovery Systems, LLC, and Frank Giglio, as follows:

 A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

 B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

 C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

 D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

 E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

 F. For pre-judgment and post-judgment interest; and

 G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                                                                KIM LAW FIRM LLC

                                                                                                *s/ Yongmoon Kim*

Dated: November 16, 2018                Yongmoon Kim
                                                                                                *Attorneys for Plaintiff*