# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**DELIA RODRIGUEZ, individually and on behalf of those similarly situated,**

    Plaintiff,

    v.

**AWAR HOLDING, INC. also known as Gem Recovery Systems, Accounts Receivable Management Corp, Accounts Receivable Management Corp (ARMC), and ARMC; SAM A. AWAR; and JOHN DOES 3 to 10,**

    Defendants.

Civ. No. 18-16251 (KM) (JBC)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    Awar Holding Inc. ("AHI"), using the name Gem Recovery Systems, sent a number of letters in an attempt to collect a debt allegedly owed by Delia Rodriguez. Rodriguez sued AHI, claiming that its communications violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o. AHI now moves to dismiss for lack of standing. (DE 79.)[1] For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

    For purposes of this motion, the allegations of the complaint are assumed to be true. AHI sent Rodriguez a total of 85 collection letters attempting to collect on a debt allegedly owed to "MONOC," an abbreviation that refers to Monmouth Ocean Hospital Service Corp. (3AC ¶ 30–31, 34.) Those letters fall into six categories: "Collection Notice," "Second Notice," "Third

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry

    3AC = Third Amended Complaint (DE 71)

Notice," "Credit Reporting Notice," "Notice of Credit Impairment," "Pre-Legal Notice." (*Id.* ¶ 26, Exs. A–F.) The "Collection Notice" identified MONOC as the "client" and stated in part "Our policy is to report delinquent account information to Trans Union and Experian Credit Bureaus which may impair your credit rating and your ability to obtain credit in the future." (*Id.* ¶ 38.) The "Third Notice" similarly stated that "Unless acceptable arrangements are made to satisfy this debt, we will report this delinquency to the major credit bureaus; Trans Union and Experian, which may impair your credit rating and your ability to obtain credit in the future. Gem Recovery Systems regularly report accounts over twenty five dollars ($25.00) to the credit bureaus." (*Id.* ¶ 42.) Rodriguez alleges that these letters violated several provisions of the FDCPA, including those that prohibit misleading communications and that require debt collectors to reveal the creditor to whom the debt was originally owed. (*Id.* ¶ 74.)

The Third Amended Complaint was filed on July 26, 2021. (DE 71.)[2] AHI filed a motion to dismiss, on September 29, 2021, arguing that Rodriguez lacked standing. (DE 79.) Sam A. Awar also filed a brief in support of that motion, arguing that Rodriguez lacked standing. (DE 80.) Rodriguez filed a brief in opposition (DE 88.) Neither AHI nor Awar filed a reply.

## II. LEGAL STANDARD

Under Rule 12(b)(1), a defendant may move to dismiss on the grounds that the court lacks subject matter jurisdiction over the dispute. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion is the vehicle for a motion to dismiss for lack of standing. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A Rule 12(b)(1) attack can be facial where the defendant "attacks the complaint on its face without contesting its alleged facts." *See Hartig Drug Co. v. Senju Pharms. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). In such a case, the court

---

[2]   This case was first filed in November 2018 and has gone through several amended complaints, largely due to understandable confusion about the proper defendant, given that there was an unrelated, now defunct, company called "Gem Recovery Systems, LLC." (*Id.* ¶ 9–16.)

considers only the allegations of the complaint and documents referred to therein, construed in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### III. DISCUSSION

Article III of the Constitution requires that a plaintiff have standing to assert his or her claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To prove standing, a plaintiff must establish

> (1) an injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Winer Family Tr. v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007) (citing *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 290-91 (3d Cir. 2005)); *see Lujan*, 504 U.S. at 560–61. In a recent case, *Spokeo Inc. v. Robins,* the Supreme Court discussed the concrete-injury requirement. 578 U.S. 330 (2016). The Court allowed that "concrete" is not the same as "tangible," and that Congress has the power to "identify[] and elevat[e] intangible harms" to *de facto* injuries that provide standing. *Id.* at 341. The Court held, however, that "Article III standing requires a concrete injury even in the context of a statutory violation." For that reason, plaintiffs cannot" allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, *inter alia*, false, deceptive or unfair" debt-collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010). To state a claim under the FDCPA, a plaintiff must allege that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to

collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

To determine whether a particular practice or action violates the FDCPA, courts routinely apply the "least sophisticated debtor" standard. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). "Although the least sophisticated debtor standard is lower than the standard of a reasonable debtor, it preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418–19 (3d Cir. 2015) (internal citations and quotations omitted). In so doing, the standard "gives effect to the Act's intent to protect the gullible as well as the shrewd." *Id.* (internal citations and quotations omitted).

The least sophisticated debtor standard is objective, "meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* The least sophisticated debtor standard "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 427 (3d Cir. 2018). Importantly, the debtor, however unsophisticated, must nevertheless "read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

AHI and Awar argue initially that the Supreme Court's recent decision in *TransUnion, LLC v. Ramirez,* significantly affected the least sophisticated debtor standard and raised the standing requirements in FDCPA cases. 141 S. Ct. 2190 (2021). To the extent that may be true, it is unclear that the Court did so in a way that affects this case.

I do not reach this argument, because I find that there is a more fundamental reason that Rodriguez lacks standing. The complaint does not allege that Rodriguez suffered any harm from the letters at all. Indeed, the complaint does not allege that Rodriguez even opened the letters. *Campuzano-Burgos,* 550 F.3d at 299. In *Oh v. Collecto Inc.* No. CV2001937KMESK, 2021

4

WL 3732881 (D.N.J. Aug. 23, 2021), I found on a motion for summary judgment that the plaintiff lacked standing because she testified that "she had not seen the letter" and that she did not "'really open letters that much' because she cannot read English." *Id.* at *3. I concluded that "[b]ecause she did not and could not read the letter, she did not experience any harm from the alleged violations." *Id.*

For purposes of standing, an unread letter is no different from one that was never sent. *Cf. TransUnion*, 141 S. Ct. at 2210 ("A letter that is not sent does not harm anyone, no matter how insulting the letter is."). Words on a page, without something more, cannot have misled or harmed anyone. The complaint fails to allege anything further.

Although at this phase I must make all reasonable inferences in favor of the plaintiff, I can only make such inferences based on facts that are alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because no facts are pleaded to suggest that Rodriguez suffered an actual injury as a result of statements in the letters, I must grant AHI's motion to dismiss.

## IV.   CONCLUSION

For the reasons set forth above, AHI's motion to dismiss is granted without prejudice to amendment within 30 days. A separate order will issue.
Dated: February 15, 2022

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty
United States District Judge**