**BRIAN R. DONNELLY, ESQ. (#008581976)**
913 Route 23
Post Office Box 275
Pompton Plains, N.J.  07444
(973) 839-0300
brd@donnellynjlaw.com
Attorney for Defendant Gem Recovery Systems, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

Plaintiff
DELIA RODRIQUEZ, on behalf of herself and
Those similarly situated

Case #  2:18-cv-16251-KM-JBC

vs.

Defendants
GEM RECOVERY SYSTEMS, LLC, et als

ANSWER TO FOURTH
AMENDED COMPLAINT

---

The Defendants, Awar Holdings Inc. trading as Gem Recovery Systems, incorrectly named as GEM RECOVERY SYSTEMS, LLC ("GEM"), and AWAR HOLDINGS, INC, ("HOLDINGS") by way of answer to the Fourth Amended Complaint says:

1. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants such allegations are denied as to these Defendants.

2. Defendants admit that jurisdiction is proper under the cited statute but deny that they have committed any violation of the statute or that the Plaintiff is entitled to relief.

3. Defendants admit that venue is proper under the cited statute but deny that they have committed any violation of the statute or that the Plaintiff is entitled to relief.

4. These Defendants have insufficient information to affirm or deny the allegations of this paragraph and therefore deny same.

5. Admitted as to these Defendants.

6. Admitted as to these Defendants.

7. Admitted as to these Defendants.

8. Denied.

9. a-c It is admitted as to these Defendants that the alternate registration names were filed as alleged, but such alternate name registration has expired and the names of "AMRC" and "Accounts Receivable Management Corp" have not been used by AHI in any capacity since 2010, nor was it engaged in consumer collections.

d-e Admitted as to these Defendants.

10. These Defendants have insufficient information to affirm or deny the allegations of this paragraph and therefore deny same.

11. These Defendants have insufficient information to affirm or deny the allegations of this paragraph and therefore deny same.

12. The allegations concerning the orders of the Court are Admitted as to these Defendants.

13. Admitted as to these Defendants.

14. Admitted as to these Defendants.

15. Admitted as to these Defendants.

16. Admitted as to these Defendants.

17. It is admitted that Awar is the sole shareholder, officer and director of AHI but the remaining allegations do not consist of factual allegations but are argument seeking a legal conclusion and cannot be answered by this Defendant and are accordingly denied.

18. Admitted as to these Defendants.

19. It is denied that these Defendants made such an assertion and further denied that such assertion is contained in the referenced document.

20. These Defendants have insufficient information to affirm or deny the allegations of this paragraph and therefore deny same.

21. It is admitted as to these Defendants that documents are attached to the complaint.

22. It is admitted as to these Defendants that the documents attached to the complaint bear those legends.

23. It is admitted as to these Defendants that the documents attached to the complaint bear the legends listed.

24. These Defendants have insufficient information to affirm or deny the allegations of this paragraph and therefore deny same.

25. Admitted as to these Defendants.

26. Admitted as to these Defendants.

27. Denied.

28. Admitted as to these Defendants.

29. These Defendants have insufficient information to affirm or deny the allegations of this paragraph and therefore deny same.

30. Admitted as to these Defendants.

31. It is admitted as to these Defendants that letters were sent on the dates stated.

32. While denying that these Defendants made the alleged admission, it is admitted as to these Defendants that multiple letters were sent on the numerous unpaid accounts.

33. It is admitted as to these Defendants that the Exhibit A was the "1st Letter".

34. Denied.

35. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or any Defendant, such allegations are denied.

36. Denied in that the attached exhibit speaks for itself and the selective extraction of a portion of the letter is misleading and intended to deceive.

37. Denied.

38. It is admitted as to these Defendants that not all accounts are reported to credit bureaus the remainder of the paragraph is denied.

39. Denied.

40. Denied.

41. These Defendants have insufficient information to affirm or deny the allegations of this paragraph and therefore deny same.

42. Denied.

43. Denied, in that the documents speak for themselves.

44. Denied in that the attached exhibit speaks for itself and the selective extraction of a portion of the letter is misleading and intended to deceive.

45. Denied.

46. Denied in that the attached exhibit speaks for itself and the selective extraction of a portion of the letter is misleading and intended to deceive.

47. Denied.

48. Denied in that the attached exhibit speaks for itself and the selective extraction of a portion of the letter is misleading and intended to deceive.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Admitted as to these Defendants.

57. Denied.

58. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the

extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

59. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

60. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

61. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

62. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

63. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

64. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

65. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

66. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

67. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose

liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

68. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

69. This paragraph contains no factual allegations but consists of argument and general conclusions of law to which these Defendants can make no response. To the extent that any statements contained in this paragraph may be construed to impose liability on these Defendants, or to establish that a proceeding as a class action is proper and permissible under law, such allegations are denied.

70. These Defendants repeat each and every answer to the incorporated allegations as if set forth in full.

71. This allegation requires these Defendants to make a legal conclusion that they are not competent to make and therefore this allegation is denied and Plaintiff is left to its proof.

72. Denied.

73. This allegation requires these Defendants to make a legal conclusion that they are not competent to make and therefore this allegation is denied and Plaintiff is left to its proof.

74. This allegation requires these Defendants to make a legal conclusion that they are not competent to make and therefore this allegation is denied and Plaintiff is left to its proof.

75. This allegation requires these Defendants to make a legal conclusion that they are not competent to make and therefore this allegation is denied and Plaintiff is left to its proof.

76. This paragraph and all subparagraphs are denied.

77. Denied.

78. Denied.

### FIRST AFFIRMATIVE DEFENSE

Each, and every, Cause of Action of the Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

While not admitting any liability to the Plaintiff on the grounds set forth in the complaint, these Defendants states that the claims set forth in the Complaint are barred to the extent that any violation of the statutes cited by these Defendants, which these Defendants deny, were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

While not admitting any improper conduct, these Defendants states that neither the Plaintiff, nor any purported Class Member, suffered any injury related to conduct of

these Defendants, and is barred from standing to sue, or obtaining relief under the statutes cited by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendant reserves its right to seek reasonable attorneys' fees and costs on finding that this action was brought in bad faith and for the purpose of harassing these Defendants.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from relief upon the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery upon the doctrine of Laches.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by the Plaintiff were the result of the acts or omissions of the Plaintiff or third parties over whom this Defendant have no control.

### EIGHTH AFFIRMATIVE DEFENSE

These Defendants fully complied with all statutory and regulatory provisions pertaining to its conduct in its dealing with Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Recovery on the claims asserted against this Defendant are barred or diminished by the acts or omissions of the Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Neither the Plaintiff or any purported class member has suffered any concrete or actual loss or injury entitling him to standing to pursue this action or entitling him to relief against this Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injury suffered by the Plaintiff was the result of Plaintiff's own actions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Waiver and Estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

The recovery of the Plaintiff is barred or diminished as a result of the failure to the Plaintiff to mitigate his damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The within claim is not suitable for certification of a Class Action under FRCP Rule 23 under the standards applicable thereto.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any alleged actions or omissions of the answering Defendant, which Plaintiff claims for the basis of its causes of action, were not malicious, intentional, willful, reckless, negligent or wanton.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all defenses available under the Fair Debt Collection Practices Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All statements contained in any letter sent by the Defendants to the Plaintiff are true and correct and in compliance with the requirements of the FDCPA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is able to adequately plead a violation of the FDCPA, his entitlement to statutory damages is capped at $1,000 per action, not per violation or per defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Contrary to the allegations of the Plaintiff and Plaintiff's counsel, the name of the creditor was set forth in all letters sent to the Plaintiff by these Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

Contrary to the allegations of the Plaintiff and Plaintiff's counsel, the "VALIDATION NOTICE" was not "overshowed by any content in the initial written communication directed to the Plaintiff. The Plaintiff or Plaintiff's counsel in their allegations improperly combine the contents of certain letters subsequent to the initial written communication for the purpose of asserting a false claim. Such acts, conducted in bad faith, require the dismissal of the complaint and imposition of sanctions against the Plaintiff or Plaintiff's counsel.

## TWENTIETH-FIRST AFFIRMATIVE DEFENSE

Declaratory relief is unavailable to private litigants for claims premised on the FDCPA. Additionally, in the event Plaintiff seeks declaratory relief premised on the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1976), to circumvent the purposeful exclusion of declaratory relief under the FDCPA, and Plaintiff's attempt to seek declaratory or injunctive relief should be dismissed or withdrawn. Therefore, Plaintiff's efforts to seek declaratory relief by circumventing the FDCPA through application of the Federal Declaratory Judgment Act, as set out in 15 of the Complaint, fails as a matter of law and should be withdrawn, stricken or dismissed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to commence this action within the applicable statute of limitations or repose and this action must be dismissed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead any concrete injury, injury in fact or damage as a result of any conduct of the Defendant. As a result of this failure this Court lacks jurisdiction and this matter must be dismissed.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff or Plaintiff's counsel failed to inform the Court or the Defendants of multiple filings under the Bankruptcy Code during the pendency of this matter. Notwithstanding those filings, the Plaintiff and Plaintiff's counsel continued to prosecute this matter in violation of the requirements of the Bankruptcy Code. This concealment of the Bankruptcy petitions and prosecution of this action during the pendency of such bankruptcy proceedings require the dismissal of the complaint and imposition of sanctions against the Plaintiff or Plaintiff's counsel.

Specifically, at the time the First Amended Complaint was filed, the Plaintiff was the Debtor in a matter pending in the United States Bankruptcy Court (Case #19-10435). Notwithstanding that filing and the automatic stay imposed, the Plaintiff's counsel filed the amended complaint and appeared at a conference pertaining to this matter without informing the court or counsel of the pending bankruptcy matter. The Plaintiff's counsel continued to participate in discovery, conferences with the court and to prosecute this matter throughout the year 2019 without informing the Court of the pending bankruptcies.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead or allege any concrete injury, injury in fact or damage suffered by any purported class member as a result of any conduct of the Defendant. As a result of this failure this Court lacks jurisdiction and this matter must be dismissed.

**WHEREFORE**, GEM and HOLDINGS request that the Complaint be dismissed with prejudice and the court grant such other and further relief as may be required by the interests of justice, including without limitation, costs of defense and a reasonable attorney's fee.

>/s/Brian R. Donnelly
>BRIAN R. DONNELLY (#008581976)
>ATTORNEY FOR DEFENDANT
>913 Route 23
>PO Box 275
>Pompton Plains, NJ 07444
>973-839-0300
>Facsimile 973-839-1028
>email: brd@donnellynjlaw.com

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our knowledge or belief, no other action or arbitration proceeding is contemplated.  Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action.  In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in

this original certification.

/s/Brian R. Donnelly<br>BRIAN R. DONNELLY

## CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted in the future.

/s/Brian R. Donnelly<br>BRIAN R. DONNELLY

DATED: April 29, 2022